NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3378
_____

BRENDA REINERT,
Appellant

v.

LSI CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 5-09-cv-03097)
District Judge: Hon. James Knoll Gardner

Submitted pursuant to Third Circuit LAR 34.1(a)
Tuesday, May 24, 2011

Before: McKEE, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*

(Opinion filed:    June 29, 2011)
_____

OPINION
_____

McKEE, *Chief Judge*.

        Brenda Reinert appeals the district court's order granting Appellee LSI Corporation's

motion for summary judgment on Reinert's claim that LSI violated § 510 of the Employment

Retirement Income Security Act of 1974, 29 U.S.C. § 1140.  For the reasons set forth below, we

will affirm.

1

Because we write primarily for the parties, we need not repeat the facts and procedural history of this case. Moreover, the district court has ably summarized the relevant background. *See Reinert v. LSI Corp.*, 2010 WL 2730756 (E.D. Pa. July 9, 2010).

On appeal, Reinert contends that the district court improperly granted summary judgment based on its erroneous conclusion that Reinert failed to establish a prima facie case under § 510 of ERISA and, that even if she had done so, she could not establish that LSI's legitimate, nondiscriminatory reason for terminating her employment was pretextual.[1]

In his detailed and thoughtful opinion filed in this case, Judge Gardner carefully and clearly explained his reasons for holding that Reinert could not establish a § 510 claim. *See id.* We can add little to his discussion or analysis and we will therefore affirm the district court's order granting summary judgment in favor of LSI for substantially the same reasons as set forth in that opinion without further elaboration.

---

[1] Additionally, Reinert argues that the district court should not have granted LSI summary judgment on her § 510 claim because LSI continued to employ her after October 24, 2007 and therefore she was entitled to her full service pension. Pursuant to § 510, it is unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant *may become entitled* under the plan, this subchapter, or the Welfare Pension Plans Disclosure Act." 29 U.S.C. § 1140 (emphasis added). Section 510 does not provide a cause of action for wrongful denial of pension benefits already accrued. Thus, Reinert's alleged continued employment with LSI is inapposite to her § 510 claim, the only ERISA claim she has pursued.